UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
MARK YOUNGERS, INDIVIDUALLY :    Case No. 15-8262-WHP
AND ON BEHALF OF ALL OTHERS :
SIMILARLY SITUATED, :    ECF Case
:
         Plaintiffs, :    **ORAL ARGUMENT REQUESTED**
:
   -against- :
:
VIRTUS INVESTMENT PARTNERS, INC., :
*et al.* :
:
        Defendants. : X
------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**<u>INDEPENDENT TRUSTEE DEFENDANTS' MOTION TO DISMISS</u>**

**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, New York  10111
212.589.4200
212.589.4201

*Attorneys for the Independent Trustee*
*Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT .....................................................................................................3

    I.      THE SECURITIES CLAIMS SHOULD BE DISMISSED AS TO
          THE INDEPENDENT TRUSTEES ...................................................3

         A.     The Section 10(b) Claims Fail Because Plaintiffs Have Not
              Adequately Pled Scienter ............................................................3

              1.     Allegations that the Independent Trustees Signed
                     Documents Containing Material Omissions Are
                     Insufficient to Establish Scienter ......................................4

              2.     Allegations that Due Diligence "Would Have"
                     Uncovered Evidence of the Alleged Fraud Are
                     Insufficient to Establish Scienter ......................................4

              3.     Allegations that the Independent Trustees "Would Have
                     Been Aware" of Other Information about the Alleged
                     Fraud Are Also Insufficient ...............................................5

              4.     The Independent Trustees' Removal of the Allegedly
                     Misleading Language Does Not Establish that They
                     Knew It Was Misleading ....................................................6

                5.     Allegations that the Independent Trustees Failed to
                     Adopt Certain Policies and Procedures Do Not
                     Establish Scienter ..............................................................8

          B.     The SAC Does Not Adequately Allege Control Person
               Liability as to the Independent Trustees ......................................8

    II.     THE DERIVATIVE CLAIMS SHOULD BE DISMISSED IN THEIR
          ENTIRETY FOR FAILURE TO MAKE DEMAND ............................9

CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ASTI Commc'ns, Inc. v. Shaar Fund Ltd.*,
    493 F.3d 87 (2d Cir. 2007)...........................................................................................3

*Brautigam v. Rubin*,
    618 Fed. App'x 723 (2d Cir. 2015).........................................................................10

*Canty v. Day*,
    13 F. Supp. 3d 333 (S.D.N.Y. 2014).......................................................................10

*In re Citigroup, Inc. Sec. Litig.*,
    330 F. Supp. 2d 367 (S.D.N.Y. 2004)........................................................................4

*Debussy LLC v. Deutsche Bank AG*,
    242 Fed. App'x 735 (2d Cir. 2007).............................................................................9

*In re Goldman Sachs Mortg. Servicing S'holder Deriv. Litig.*,
    42 F. Supp. 3d 473 (S.D.N.Y. 2012).......................................................................2, 9

*Kalnit v. Eichler*,
    264 F.3d 131 (2d Cir. 2001)........................................................................................3

*Local No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*,
    724 F. Supp. 2d 447 (S.D.N.Y. 2010)......................................................................4, 5

*In re Marsh & McLennan Cos. Inc. Sec. Litig.*,
    501 F. Supp. 2d 452 (S.D.N.Y. 2006)..............................................................1, 4, 6, 8

*Novak v. Kasaks*,
    216 F.3d 300 (2d Cir. 2000)......................................................................................6, 7

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
    Commerce*,
    694 F. Supp. 2d 287 (S.D.N.Y. 2010)....................................................................3, 4, 5

*In re PXRE Grp., Ltd., Sec. Litig.*,
    600 F. Supp. 2d 510 (S.D.N.Y. 2009).....................................................................2, 8

*Rales v. Blasband*,
    634 A.2d 927 (Del. 1993) .........................................................................................2, 9

*Ret. Sys. v. Bank of Am. Corp.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012)........................................................................3

*Saltz v. First Frontier, LP*,
    782 F. Supp. 2d 61 (S.D.N.Y. 2010).........................................................................6

**TABLE OF AUTHORITIES**
(continued)

<u>Page(s)</u>

*In re SLM Corp. Sec. Litig.*,
   740 F. Supp. 2d 542 (S.D.N.Y. 2010).......................................................................4, 5

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*,
   551 U.S. 308 (2007)..................................................................................................3, 7

*Wood v. Baum*,
   953 A.2d 136 (Del. 2008) ............................................................................................9

**Statute**

12 Del. Code § 3816(a).....................................................................................................9

**Rule**

Fed. R. Civ. P. 9(b) ...........................................................................................................4

Leroy Keith Jr., Philip R. McLoughlin, Geraldine M. McNamara, James M. Oates, Richard E. Segerson, and Ferdinand L.J. Verdonck (collectively, the "Independent Trustees"), through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") as to them.

## PRELIMINARY STATEMENT

The Independent Trustees join all of the arguments, including the loss causation, lack of misrepresentation, standing,  statute of limitations and derivative claims arguments, set out in the memorandum of law separately filed today by Virtus Investment Partners, Inc. ("Virtus") and certain of its affiliates and employees (the "Virtus Defendants").  The SAC further fails to state a claim and should be dismissed with prejudice as to the Independent Trustees for the following additional reasons:

First, the Section 10(b) Exchange Act claims should be dismissed because the SAC fails to plead the required strong inference of scienter as to the Independent Trustees.  The SAC repeatedly pleads that the Independent Trustees signed fund registration statements during the Class Period that contained alleged omissions about the performance history of the AlphaSector strategy.  (SAC ¶¶69-78).  But "[t]he mere existence of allegedly misleading language in a group-published document does not compel a conclusion that the signatories were aware that it was misleading."  *In re Marsh & McLennan Cos. Inc. Sec. Litig.*, 501 F. Supp. 2d 452, 485 (S.D.N.Y. 2006).  To the contrary, facts must be pled demonstrating that the signatories had knowledge that the statements were false at the time made, and the SAC fails to meet this burden.  Similarly, the SAC's allegations that the Independent Trustees "would have" uncovered the alleged fraud through due diligence, or "would have" been aware of incriminating statements allegedly made at a Florida sales conference the Independent Trustees did not attend, also lack the particularized facts required to establish a strong inference of scienter.  Other allegations that

1

the allegedly misleading performance histories were removed from registration statements and that the Independent Trustees allegedly failed to adopt certain policies are also similarly insufficient.  More fundamentally, the most cogent and compelling inference to be drawn from the alleged facts in the SAC is that the Independent Trustees were victims of co-defendants Howard Present's and F-Squared's alleged fraud.  Both the SEC's civil enforcement complaint against Mr. Present and the SEC's recent settlement order with Virtus (both incorporated by reference, SAC ¶¶46, 57), contain extensive findings that the Independent Trustees were repeatedly misled and lied to by Mr. Present and F-Squared regarding the performance histories, underscoring that the SAC fails to plead that the Independent Trustees acted with the requisite strong inference of scienter.

Second, the control person claims also should be dismissed in the absence of a primary violation of Section 10(b) of the Exchange Act or Sections 11 and 12 of the Securities Act, and for failure to plead "culpable participation" by the Independent Trustees.  *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 548 (S.D.N.Y. 2009) (citation omitted).

Finally, the SAC's state law derivative claims fail because Plaintiffs did not make a pre-suit demand and the SAC fails to plead "particularized factual allegations" that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *In re Goldman Sachs Mortg. Servicing S'holder Deriv. Litig.,* 42 F. Supp. 3d 473, 480 (S.D.N.Y. 2012) (Pauley, J.) (*quoting Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993)).  This is not one of the "rare cases where defendants' actions were so egregious that a substantial likelihood of director liability exists" such that a pre-suit demand would have been futile.  *Id.*

## ARGUMENT

### I.    THE SECURITIES CLAIMS SHOULD BE DISMISSED AS TO THE INDEPENDENT TRUSTEES

#### A.    The Section 10(b) Claims Fail Because Plaintiffs Have Not Adequately Pled Scienter

Plaintiffs have not adequately pled scienter as to the Independent Trustees.  Scienter is one of five essential elements of a Section 10(b) claim.  *See, e.g.*, *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 297 (S.D.N.Y. 2010) (Pauley, J.).  A well-pled scienter allegation "state[s] with particularity facts giving rise to a strong inference" that the defendant had "a mental state embracing [the] intent to deceive, manipulate, or defraud."  *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 319 (2007). This can be done either by: (i) showing that the defendant had the motive and opportunity to defraud; or (ii) showing strong circumstantial evidence of conscious misbehavior or recklessness. *See, e.g.*, *ASTI Commc'ns, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  Where the complaint does not advance a "motive and opportunity" theory of scienter, "the strength of the circumstantial allegations must be correspondingly greater."  *Kalnit v. Eichler*, 264 F.3d 131, 142 (2d Cir. 2001) (quotation omitted).

Here, Plaintiffs do not allege that the Independent Trustees possessed the motive and opportunity to perpetuate the alleged fraud.[1]  Instead, they exclusively base their securities fraud claims on the theory that the Independent Trustees consciously misbehaved or acted recklessly. (SAC ¶¶97-120).   But, as explained below, these allegations neither independently or collectively establish scienter.

---

[1] Plaintiffs do not allege that the Independent Trustees bought or sold shares in Virtus or any of the relevant funds during the class period, or otherwise "benefitted in some concrete and personal way from the purported fraud."  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp. 2d 341, 357 (S.D.N.Y. 2012) (Pauley, J.).

1.      **Allegations that the Independent Trustees Signed Documents Containing Material Omissions Are Insufficient to Establish Scienter**

The principal facts repeatedly pled against the Independent Trustees are that they signed registration statements during the Class Period that contained alleged omissions about the performance history of the AlphaSector strategy.  (SAC ¶¶69-78.)  But "[t]he mere existence of allegedly misleading language in a group-published document does not compel a conclusion that all of the signatories were aware that it was misleading."  *Marsh*, 501 F. Supp. 2d at 485.  Rather, Plaintiffs should allege "facts sufficient to show that the Defendants had knowledge that the statements were false at the time they were made."  *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004).  Here, the SAC fails to allege any particularized facts showing that the Independent Trustees knew that the registration statements were misleading.

2.      **Allegations that Due Diligence "Would Have" Uncovered Evidence of the Alleged Fraud Are Insufficient to Establish Scienter**

For example, Plaintiffs' allegations that the Independent Trustees "would have" uncovered the fraud through due diligence are unavailing.  Courts routinely dismiss such allegations as speculative.  *See, e.g.*, *In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542, 559 (S.D.N.Y. 2010) (Pauley, J.) ("An allegation that a defendant merely 'ought to have known' is insufficient to allege recklessness."); *Local No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 462 (S.D.N.Y. 2010) (Pauley, J.) (allegations that certain information "would have been" reviewed by defendants are "speculative").  The PSLRA and Federal Rule of Civil Procedure 9(b) require *specific* facts as to what the Independent Trustees reviewed and how that information contradicts their public statements about the AlphaSector strategy.  *See Plumbers & Steamfitters*, 694 F. Supp. 2d at 299 (conclusory allegations that due diligence would have uncovered the fraud are insufficient to establish scienter).

Plaintiffs perfunctorily allege that the Independent Trustees, as VOT board members, "would have" reviewed documents that "would have" revealed the alleged fraud. (SAC ¶¶85-87, 97, 101, 105, 109, 113, 117). But scienter cannot be established on the "assumption" that the Independent Trustees "received information because of their corporate positions." *Local No. 38*, 724 F. Supp. 2d at 462. These allegations are also insufficient because they do not identify the specific reports that the Independent Trustees allegedly reviewed or describe how the contents of those reports contradict the statements in the relevant registration statements. *See*, *e.g.*, *SLM*, 740 F. Supp. 2d at 559 (due diligence allegations cannot establish scienter without specifics about the identity and contents of documents allegedly reviewed by defendants).

### 3.  Allegations that the Independent Trustees "Would Have Been Aware" of Other Information about the Alleged Fraud Are Also Insufficient

Similarly, Plaintiffs' allegations that the Independent Trustees "would have been aware" of alleged statements by a Virtus executive at a Florida sales conference about the back-tested nature of the AlphaSector strategy are insufficient. (SAC ¶¶99, 103, 107, 111, 115, 119). Plaintiffs never allege that any of the Independent Trustees attended the Florida sales conference where these statements were allegedly made, or venture any other reason as to why the Independent Trustees would have known about these alleged statements. These allegations are merely "conclusory statements of belief [that] cannot form the basis for a finding of reckless disregard." *Local No. 38*, 724 F. Supp. 2d at 460. To the extent that these allegations are based on the Independent Trustees' membership on the VOT board, they are also entitled to no weight. *Plumbers & Steamfitters*, 694 F. Supp. 2d at 300 ("[A]ccusations founded on nothing more than a defendant's corporate position are entitled to no weight.").

Plaintiffs' additional allegations about other "red flags" fail for the same reasons. They assert that F-Squared and Newfound Research, a company that provided F-squared with the

investment "signals" for the AlphaSector Funds, did not exist until 2006 and 2008 respectively, and that Corey Hoffstein, one of Newfound Research's employees, was 14 years old in 2001. (SAC ¶¶98, 102, 106, 110, 114, 118).  These allegations offer no particularized facts that show where and when the Independent Trustees purportedly learned of these "red flags" or why this information "would have" made them aware that the registration statements were misleading. *See Marsh*, 501 F. Supp. 2d at 487 ("Merely labeling allegations as red flags . . . is insufficient to make those allegations relevant to a defendant's scienter.")  In fact, these allegations never even state that the Independent Trustees knew of these red flags, but only that these red flags "existed."  Such allegations do not give rise to a strong inference of scienter.  *See Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 71-72 (S.D.N.Y. 2010) (allegations about red flags are insufficient to establish scienter where plaintiffs "offer no evidence" that defendants knew of these red flags or that they infer intent to defraud).

4.    **The Independent Trustees' Removal of the Allegedly Misleading Language Does Not Establish that They Knew It Was Misleading**

Plaintiffs also conclusorily allege that the Independent Trustees' scienter can be inferred from the removal of the pre-2008 performance history from the 2014 registration statement after the SEC began investigating F-Squared.  (SAC ¶¶78, 100, 104, 108, 112, 116, 120).  But Plaintiffs fail to even allege that the Independent Trustees knew that the SEC was investigating F-Squared when the 2014 registration statement was filed.  Even if they had made these allegations, the Independent Trustees' knowledge that the SEC was investigating F-Squared would not "have made them aware" that the SEC would then settle eleven months later with F-Squared and bring an enforcement action against Mr. Present.  This allegation asserts "fraud by hindsight" and should be given no weight.  *See Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) ("Corporate officials need not be clairvoyant; they are only responsible for revealing those

material facts reasonably available to them.")[2]  "In any event, "[a] Complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 551 U.S. at 324.  Here, the most "cogent" and "compelling" inference to be drawn from these allegations is that upon learning that F-Squared had withdrawn the historic performance data from its marketing materials in response to an SEC inquiry, Virtus and the Independent Trustees followed suit and properly withdrew the data from the registration statements to remain consistent with F-Squared's disclosures, and out of deference to the SEC's inquiry, rather than any inference that the Independent Trustees knew then, or had known all along, that the removed performance histories were allegedly misleading and incorrect.

This cogent and compelling inference is further supported by the SEC's findings and allegations regarding this matter, which the SAC incorporates by reference.  (SAC ¶¶46, 57).  For example, in the SEC's complaint filed against Mr. Present (incorporated in SAC ¶46), the SEC devotes over six pages of its complaint detailing nine separate instances where F-Squared misled or lied to the Independent Trustees regarding the performance histories.  (SEC Present Complaint ¶56(a)-(i)).  And in the SEC's settlement order with Virtus Investment Advisers, Inc. ("VIA") (incorporated in SAC ¶57), the SEC found that the Independent Trustees relied on false representations about the AlphaSector strategy's pre-2008 performance history.  (SEC Virtus Order ¶13).  Hence, on the face of the SAC and the documents it incorporates, Plaintiffs fail to show a strong inference of scienter as to the Independent Trustees.

---

[2] Similarly, Plaintiffs allege that the Independent Trustees should have disclosed that the historic track record of the AlphaSector funds "was based on a lie."  (SAC ¶78.)  But, as explained herein, because Plaintiffs fail to allege any particularized facts that show that the Independent Trustees knew about the alleged fraud, they had no duty to make this disclosure.  *See Novaks*, 216 F.3d at 309.

**5.      Allegations that the Independent Trustees Failed to Adopt Certain Policies and Procedures Do Not Establish Scienter**

Plaintiffs' allegations that the Independent Trustees' scienter may be inferred from their alleged failure to adopt written policies and procedures with respect to conducting due diligence on third-party sub-advisors—(SAC ¶¶86-88, 97, 101, 105, 109, 113, 117)—do not establish a compelling inference of scienter.  Plaintiffs allege no facts to support this contention, except that the SEC's settlement order with VIA "revealed" this conduct as to the Independent Trustees. (SAC ¶88.  But the Virtus SEC Order makes no such findings.  Rather, it only finds that VIA failed to adopt these policies, which sheds no light on whether the trustees of VOT, a separate entity, violated the Exchange Act.  (SEC Virtus Order ¶¶23-29).

**B.      The SAC Does Not Adequately Allege Control Person Liability as to the Independent Trustees**

This Court should also dismiss the control liability claims against the Independent Trustees.  To allege control person liability under either Section 20(a) of the Exchange Act or Section 15 of the Securities Act, Plaintiffs must first allege primary violations by a control person under either Section 10(b) of the Exchange Act or Sections 11 and 12 of the Securities Act, respectively.  *See, e.g.*, *Marsh*, 501 F. Supp. 2d at 493-94.  For all the reasons included in this memorandum of law and those contained in the memorandum of law separately filed by the Virtus Defendants, Plaintiffs have failed to meet this burden.  The Section 20(a) claims also fail because Plaintiffs have failed to allege "culpable" participation by the Independent Trustees in any alleged Section 10(b) violation.  *PXRE Grp.*, 600 F. Supp. 2d at 548.

## II.   THE DERIVATIVE CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY FOR FAILURE TO MAKE DEMAND

The Derivative Claims also fail and should be dismissed because Plaintiffs failed to make a pre-suit demand upon the Board.   Under Delaware law,[3] a shareholder can only pursue a derivative claim on behalf of a company when it has first demanded that the board of directors pursue that claim, or where the shareholder can show that demand would have been futile.   *Wood v. Baum*, 953 A.2d 136, 140 (Del. 2008).   Where, as here, the litigation stems from alleged board inaction, demand is futile only if Plaintiffs allege "particularized factual allegations"[4] that "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."   *Goldman Sachs*, 42 F. Supp. 3d at 480 (quoting *Rales*, 634 A.2d at 934).[5]   Here, Plaintiffs do not allege that the Trustees are not independent—they only allege that the Trustees are not disinterested because they face potential legal liability.   (SAC ¶¶133-39).   But the risk of personal liability makes directors "interested" only in the "rare case where defendants' actions were so egregious that a substantial likelihood of director liability exists."   *Id.* at 482.

This is not one of the "rare" cases where the alleged conduct was so egregious.   Plaintiffs allege that each Trustee is substantially likely to be found liable for breaching fiduciary duties

---

[3] VOT is a statutory trust created under, and governed by, Delaware law.   Hence, Delaware law governs the issue of whether demand is excused.   *See Debussy LLC v. Deutsche Bank AG*, 242 Fed. App'x 735, 736 (2d Cir. 2007) (Delaware law applies to demand analysis in derivative action brought on behalf of Delaware statutory trust).   This analysis is identical to the analysis undertaken with Delaware corporations.   *See id.* 736-37 (quoting 12 Del. Code § 3816(a)).

[4] Plaintiffs must allege with particularity why demand is excused.   *See* Fed. R. Civ. P. 23.1(b)(3).

[5] To the extent this Court finds that Plaintiffs base this litigation on the Trustees' affirmative actions, Plaintiffs bear the additional burden of showing "specific facts to overcome the powerful presumption" that the Trustees' actions are protected by the business judgment rule.   *Goldman Sachs*, 42 F. Supp. 3d at 486.   Plaintiffs can only make this showing through particularized allegations that the Trustees either lacked good faith or were not reasonably informed in carrying out these actions.   *Id.*   Plaintiffs fail to meet this exacting standard because their allegations consist entirely of group-pled and conclusory statements that are unsupported by any facts alleged in the SAC.

owed to VOT or, alternatively, for assisting others in the same.  (SAC ¶¶125-31, 201-20).  In so doing, they re-package the same conclusory and group-pled statements that they used in support of their Section 10(b) claims, *i.e.*, that the Trustees knew about the back-tested nature of the pre-2008 performance history based on their corporate positions, purported due diligence, vague "red flags" (including statements made at a conference that the Independent Trustees are not even alleged to have attended), and their removal of certain data from the 2014 registration statement.  These allegations fare no better as to the Derivative Claims.  First, the "group accusation mode of pleading demand futility is insufficient"—Plaintiffs must allege "interestedness" on a Trustee-by-Trustee basis, which they fail to do here.  *Canty v. Day*, 13 F. Supp. 3d 333, 344-45 (S.D.N.Y. 2014).  Second, none of Plaintiffs' allegations contain any particularized facts that suggest, let alone cast reasonable doubt, that at least half of the Trustees knew that the registration statements were misleading or recklessly disregarded this fact.  *See Brautigam v. Rubin*, 618 Fed. App'x 723, 725 (2d Cir. 2015) (where alleged "red flags" of fraud were not sufficiently well-pled, egregious conduct cannot be shown and demand is not futile).

## CONCLUSION

For the foregoing reasons, the Independent Trustees respectfully ask that this Court dismiss with prejudice the SAC as to them.

Dated: New York, New York
      February 1, 2016

**BAKER & HOSTETLER LLP**

By: /s/ Geoffrey H. Coll
    Geoffrey H. Coll
    Email: gcoll@bakerlaw.com
    45 Rockefeller Plaza
    New York, New York  10111
    212.589.4200
    212.589.4201

    *Attorneys for the Independent Trustee*
    *Defendants*