UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
MARK YOUNGERS, *et al.*, *individually and on*
*behalf of all others similarly situated*,   :

                    Plaintiffs,     :    15cv8262

        -against-                   :    OPINION & ORDER

                                    :
VIRTUS INVESTMENT PARTNERS INC., *et al.*,
                                    :
                    Defendants.
                                    :
------------------------------------X
WILLIAM H. PAULEY III, District Judge:

        Lead Plaintiffs Mark Youngers, <u>et al.</u> ("Plaintiffs") bring this securities class action on behalf of themselves and others who purchased various mutual funds issued by Virtus Opportunities Trust ("Virtus Trust") between May 8, 2010 and December 22, 2014. Plaintiffs move to certify a class. For the reasons that follow, Plaintiffs' motion is denied.

## BACKGROUND

        The allegations of the Second Amended Complaint ("Complaint") are accepted as true for the purpose of this motion for class certification.[1] In brief, Plaintiffs allege that, in 2009, Virtus Partners began marketing a family of funds called "AlphaSector." (Compl. ¶ 56.) In marketing materials, Defendants represented that the outsized performance of the AlphaSector indices had been achieved through live trading with real client assets beginning in 2001. (Compl. ¶¶ 69–76.) But, in fact, the AlphaSector indices did not come into existence until 2008. (Compl. ¶ 4.)

---

[1]     The details of this action are set forth in this Court's Opinion & Order dated July 1, 2016, familiarity with which is presumed. See <u>Youngers v. Virtus Inv. Partners Inc.</u>, 195 F. Supp. 3d 499 (S.D.N.Y. 2016), <u>motion to certify appeal denied,</u> No. 15-CV-8262, --- F. Supp. 3d ----, 2017 WL 65327 (S.D.N.Y. Jan. 6, 2017).

LEGAL STANDARD

Federal Rule of Civil Procedure 23, which governs class certification, "does not set forth a mere pleading standard." Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Rather, "[t]he party seeking class certification must affirmatively demonstrate compliance with the Rule, and a district court may only certify a class if it is satisfied, after a rigorous analysis, that the requirements of Rule 23 are met." In re Am. Int'l Grp., Inc. Sec. Litig., 689 F.3d 229, 237–38 (2d Cir. 2012) (internal quotation marks and alterations omitted).

The moving party must first satisfy Rule 23(a), which "requires that a proposed class action (1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010) (citing Fed. R. Civ. P. 23(a)). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." Wal–Mart, 131 S.Ct. at 2548. Plaintiffs here rely on Rule 23(b)(3), which "requires the party seeking certification to show that 'questions of law or fact common to class members predominate over any questions affecting only individual members' and that class treatment would be superior to individual litigation." Myers, 624 F.3d at 547 (quoting Fed. R. Civ. P. 23(b)(3)).

"Generally, claims alleging violations of Section[ ] 10(b) . . . of the Exchange Act are especially amenable to class certification," In re Smith Barney Transfer Agent Litig., 290 F.R.D. 42, 45 (S.D.N.Y. 2013) (internal quotation marks omitted). And, "[i]n light of the importance of the class action device in securities fraud suits, these factors are to be construed liberally." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 179 (2d Cir. 1990). But "'Rule 23(b)(3)'s predominance criterion is even more

demanding' than the 'rigorous analysis' mandated under Rule 23(a), and requires a 'close look at whether common issues predominate over individual ones.'" Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d 70, 103 (2d Cir. 2015) (quoting Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013)).

DISCUSSION

Plaintiffs move to certify a class of investors in Virtus Partners stock who were harmed by Virtus's misstatements. Specifically, the proposed class consists of:

> purchasers of Virtus Allocator Premium AlphaSector Fund Class A, C, and I shares (VAAAX, VAACX, VAISX), Virtus AlphaSector Rotation Fund Class A, C, and I shares, (PWBAX, PWBCX, VARIX), Virtus Dynamic AlphaSector Fund Class A, B, C, and I shares (EMNAX, EMNBX, EMNCX, VIMNX), Virtus Global Premium AlphaSector Fund Class A, C, and I shares (VGPAX, VGPCX, VGPIX), and Virtus Premium AlphaSector Fund Class A, C, and I shares (VAPAX, VAPCX, VAPIX) ("AlphaSector Funds") during the period from May 8, 2010 through December 22, 2014, inclusive (the "Class Period").

(Mem. In Support of Motion to Certify Class, ECF No. 130, at 1.)

Defendants do not dispute that the proposed class meets the requirements for numerosity, commonality, or superiority. Instead, they argue, among other things, that Plaintiffs fail to allege that common questions predominate because it has failed to allege class-wide reliance or damages.

I. **Predominance Requirement**

"[T]he predominance requirement is met if the plaintiff can establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." Brown v. Kelly, 609 F.3d 467, 483 (2d Cir. 2010). The predominance inquiry "often turns on the element of reliance." Erica P. John Fund, Inc. v. Halliburton Co. ("Halliburton I"), 563 U.S. 804, 810 (2011). If "proof of individualized reliance from each member of the proposed plaintiff

3

class" were required, it would "prevent such plaintiffs from proceeding with a class action, since individual issues would overwhelm the common ones." Halliburton I, 563 U.S. at 810; Carpenters Pension Trust Fund of St. Louis v. Barclays PLC, 310 F.R.D. 69, 74 (S.D.N.Y. 2015) ("[I]t is well settled that if proof of individual reliance were required, it would be impossible to meet the predominance requirement."). Plaintiffs contend that predominance is established because there is a presumption of class-wide reliance under Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128 (1972).[2]

In cases "involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery." Affiliated Ute, 406 U.S. at 153. Rather, all that needs to be shown is that the "facts withheld be material in the sense that a reasonable investor might have considered them important in making [his] decision." Affiliated Ute, 406 U.S. at 153–54. However, "the distinction between a misstatement and an omission is often difficult to articulate." Carpenters Pension Trust, 310 F.R.D. at 97. The Affiliated Ute presumption does not apply when the omissions merely "exacerbate the misleading nature of the 'alleged conduct.'" Starr ex rel. Estate of Sampson v. Georgeson S'holder, Inc., 412 F.3d 103, 109 n. 5 (2d Cir. 2005); In re Smith Barney, 290 F.R.D. at 48.

For example, in Fogarazzo v. Lehman Bros., 263 F.R.D. 90, 106 (S.D.N.Y. 2009), the district court applied the Affiliated Ute presumption because the statements at issue were both affirmative misstatements and omissions. There, analyst statements not only contained false ratings but also failed to disclose the relationship between the analysts and the companies they were analyzing, thereby omitting a potential conflict of interest. Fogarazzo, 263 F.R.D. at 106. But in Carpenters Pension Trust Fund, 310 F.R.D. at 97, the district court declined to apply

---

[2] Plaintiffs are not entitled to a fraud-on-the-market presumption of reliance under Basic Inc. v. Levinson, 485 U.S. 224 (1988) because the mutual fund shares issued by Virtus Trust were not traded on an efficient market.

Affiliated Ute. The "'omissions' in th[at] case [we]re simply the truth—the correct LIBOR rate or that defendants had been falsifying that rate. At most, defendants' failure to disclose that they were manipulating the LIBOR submissions only 'exacerbated the misleading nature of the affirmative statements.'" Carpenters Pension Trust Fund, 310 F.R.D. at 98.

Here, Plaintiffs identify an affirmative statement that they claim is misleading. Specifically, they claim that a footnote in an appendix to the prospectuses misled investors by stating that "[t]he Index inception date is April 1, 2001" (Compl. ¶¶ 69–76) when the index did not come into existence until 2008 (Compl. ¶ 4). That Defendants failed to disclose the index did not exist until 2008 or the historical performance was back tested does not transform the misrepresentation into an omission. Indeed, "[i]f a misrepresentation claim could be reframed as an omission claim merely by alleging that a defendant 'did nothing to dispel' its own misrepresentation, then the limitation of the Affiliated Ute presumption to omissions alone would be meaningless indeed." In re Barclays Liquidity Cross & High Frequency Trading Litig., 126 F. Supp. 3d 342, 366 (S.D.N.Y. 2015); Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., No. 05-CV-1898 (SAS), 2006 WL 2161887, at *5 (S.D.N.Y. Aug. 1, 2006) ("Where positive statements are central to the alleged fraud, thereby eliminating the evidentiary problems inherent in proving reliance on an omission, the Affiliated Ute presumption does not apply.").

Ultimately, because "this is a case . . . primarily built around misrepresentations, [] omissions, if any, merely serve to exacerbate and bolster their misrepresentation claims, and Lead Plaintiffs are not entitled to the Affiliated Ute presumption of reliance." In re Moody's Corp. Sec. Litig., 274 F.R.D. 480, 494 (S.D.N.Y. 2011) (citing duPont v. Brady, 828 F.2d 75, 76 (2d Cir. 1987). Without a class-wide presumption of reliance, each plaintiff will have to prove

5

reliance individually. As a result, because individual issues of reliance will predominate, class certification under Rule 23(b)(3) is inappropriate.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 130.

Dated: May 15, 2017
     New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

---

[3] Because Plaintiffs fail to satisfy Rule 23(b)(3)'s predominance requirement, this Court need not address the other arguments for class certification.